UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BETH ANN SCHMIDT,

    Plaintiff,

v.                                                                       Case No. 1:18-cv-1431

                                                                        Hon. Ray Kent

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant,
_____/

## OPINION

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of Social Security Administration (Commissioner) which denied her application for disability insurance benefits (DIB).

Plaintiff alleged a disability onset date of July 20, 2015. PageID.250. Plaintiff identified her disabling conditions as severe depression, anxiety, panic attacks, social phobia, high blood pressure, and high cholesterol. PageID.461. Prior to applying for DIB, plaintiff completed 12th grade and had past employment as a food preparer, production worker, fast food manager, inventory clerk, packager, restoration cleaner, warehouse worker, and janitor. PageID.260. An administrative law judge (ALJ) reviewed plaintiff's application *de novo* and entered a written decision denying benefits on March 21, 2018. PageID.250-262. This decision, which was later approved by the Appeals Council, has become the final decision of the Commissioner and is now before the Court for review.

## I. LEGAL STANDARD

This Court's review of the Commissioner's decision is typically focused on determining whether the Commissioner's findings are supported by substantial evidence. 42 U.S.C. § 405(g); *McKnight v. Sullivan*, 927 F.2d 241 (6th Cir. 1990). "Substantial evidence is more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Secretary of Health & Human Services*, 25 F.3d 284, 286 (6th Cir. 1994). A determination of substantiality of the evidence must be based upon the record taken as a whole. *Young v. Secretary of Health & Human Services*, 925 F.2d 146 (6th Cir. 1990).

The scope of this review is limited to an examination of the record only. This Court does not review the evidence de novo, make credibility determinations or weigh the evidence. *Brainard v. Secretary of Health & Human Services*, 889 F.2d 679, 681 (6th Cir. 1989). The fact that the record also contains evidence which would have supported a different conclusion does not undermine the Commissioner's decision so long as there is substantial support for that decision in the record. *Willbanks v. Secretary of Health & Human Services*, 847 F.2d 301, 303 (6th Cir. 1988). Even if the reviewing court would resolve the dispute differently, the Commissioner's decision must stand if it is supported by substantial evidence. *Young*, 925 F.2d at 147.

A claimant must prove that he suffers from a disability in order to be entitled to benefits. A disability is established by showing that the claimant cannot engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. *See* 20 C.F.R. §404.1505; *Abbott v. Sullivan*, 905 F.2d 918, 923

(6th Cir. 1990). In applying the above standard, the Commissioner has developed a five-step analysis:

> The Social Security Act requires the Secretary to follow a "five-step sequential process" for claims of disability. First, plaintiff must demonstrate that she is not currently engaged in "substantial gainful activity" at the time she seeks disability benefits. Second, plaintiff must show that she suffers from a "severe impairment" in order to warrant a finding of disability. A "severe impairment" is one which "significantly limits . . . physical or mental ability to do basic work activities." Third, if plaintiff is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the impairment meets a listed impairment, plaintiff is presumed to be disabled regardless of age, education or work experience. Fourth, if the plaintiff's impairment does not prevent her from doing her past relevant work, plaintiff is not disabled. For the fifth and final step, even if the plaintiff's impairment does prevent her from doing her past relevant work, if other work exists in the national economy that plaintiff can perform, plaintiff is not disabled.

*Heston v. Commissioner of Social Security*, 245 F.3d 528, 534 (6th Cir. 2001) (citations omitted).

The claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work through step four. *Jones v. Commissioner of Social Security*, 336 F.3d 469, 474 (6th Cir. 2003). However, at step five of the inquiry, "the burden shifts to the Commissioner to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity (determined at step four) and vocational profile." *Id.* If it is determined that a claimant is or is not disabled at any point in the evaluation process, further review is not necessary. *Mullis v. Bowen*, 861 F.2d 991, 993 (6th Cir. 1988).

## II. ALJ's DECISION

Plaintiff's application for DIB failed at the fifth step of the evaluation. At the first step, the ALJ found that plaintiff had not engaged in substantial gainful activity since her alleged onset date of July 10, 2015, and that she meets the insured status requirements of the Social Security Act through March 31, 2021. PageID.252. At the second step, the ALJ found that

3

plaintiff had severe impairments of: status post-surgical repair of right shoulder rotator cuff tear; restless leg syndrome; major depressive disorder, recurrent, without psychosis; panic disorder without agoraphobia; generalized anxiety disorder; and opioid dependence. PageID.252. At the third step, the ALJ found that plaintiff did not have an impairment or combination of impairments that met or equaled the requirements of the Listing of Impairments in 20 C.F.R. Pt. 404, Subpt. P, App. 1. PageID.252.

The ALJ decided at the fourth step that:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) with the following limitations: frequent balancing; occasional climbing ramps and stairs; occasional stooping, kneeling, or crouching; no climbing ladders, ropes, or scaffolds; no crawling; no overhead reaching with the dominant right upper extremity; avoid fast moving or hazardous machinery; capable of simple, routine, repetitive tasks; capable of incidental contact with the general public; and only occasional supervision.

PageID.254-255. The ALJ also found that plaintiff was unable to perform any past relevant work. PageID.260.

At the fifth step, the ALJ found that plaintiff could perform a significant number of unskilled jobs at the light exertional level in the national economy. PageID.261-262. Specifically, the ALJ found that plaintiff could perform the requirements of unskilled, light work such as nut and bolt assembler (400,000 jobs) and packager/inspector (830,000 jobs). PageID.261. The ALJ also found that plaintiff could perform unskilled, sedentary work such as finish assembler (200,000 jobs) and nut sorter (450,000 jobs). PageID.261. Accordingly, the ALJ determined that plaintiff was not under a disability, as defined in the Social Security Act, from July 20, 2015 (the alleged onset date) through March 21, 2018 (the date of the decision). PageID.262.

### III. DISCUSSION

Plaintiff set forth four issues on appeal:

4

**A. The ALJ committed reversible error by not properly considering the opinion of plaintiff's treating physician.**

**B. All of the treating physician's records should have been considered.**

Plaintiff contends that the ALJ failed to properly consider the opinions of her treating physicians, Michael Septer, D.O., and Russel Brubaker, M.D. Plaintiff also contends that Dr. Septer did not provide all of his treatment records.

A treating physician's medical opinions and diagnoses are entitled to great weight in evaluating plaintiff's alleged disability. *Buxton v. Halter*, 246 F.3d 762, 773 (6th Cir. 2001). "In general, the opinions of treating physicians are accorded greater weight than those of physicians who examine claimants only once." *Walters v. Commissioner of Social Security*, 127 F.3d 525, 529-30 (6th Cir. 1997). Under the regulations, a treating source's opinion on the nature and severity of a claimant's impairment must be given controlling weight if the Commissioner finds that: (1) the opinion is well-supported by medically acceptable clinical and laboratory diagnostic techniques; and (2) the opinion is not inconsistent with the other substantial evidence in the case record. *See Gayheart v. Commissioner of Social Security*, 710 F.3d 365, 375 (6th Cir. 2013); 20 C.F.R. § 404.1527(c)(2). Finally, the ALJ must articulate good reasons for not crediting the opinion of a treating source. *See Wilson v. Commissioner of Social Security*, 378 F.3d 541, 545 (6th Cir. 2004); 20 C.F.R. § 404.1527(c)(2) ("[w]e will always give good reasons in our notice of determination or decision for the weight we give your treating source's opinion").

**1. Dr. Septer**

**a. The May 15, 2017 form**

Dr. Septer provided a single record consisting of a one-page Health Care Provider Statement submitted to the Kent County Friend of the Court. PageID.944. The doctor checked

5

the box marked "unable to work," checked the box marked "Long-term disability with no expectation of future ability to work," and included the following comments "PTSD, PANIC DISORDER, DEPRESSION, FIBROMYALGIA, NEUROPATHIC PAIN, FAILED [unintelligible]." PageID.944. The ALJ addressed Dr. Septer's statement as follows:

> On May 15, 2017, Dr. Septer, the treating primary care physician, concluded that the claimant was unable to work because of posttraumatic stress disorder, panic disorder, depression, fibromyalgia, and neuropathic pain (Exhibit 16F). However, this assessment is given no weight because it is inconsistent with the record as a whole. There is no diagnosis or treatment for fibromyalgia. Moreover, the claimant's neuropathic pain/restless leg disorder is well controlled with Neurontin. Additionally, the claimant's depression and anxiety have significantly improved with treatment, and the claimant was able to perform work activity from May 2016 through October 2016, which is inconsistent with the assessment by Dr. Septer. Additionally, the determination regarding the claimant's employability is not a medical conclusion, but an opinion on the ultimate issue of disability, which is an issue to be decided by the Commissioner.

PageID.259-260.

The ALJ gave good reasons for rejecting this form, which simply listed diagnoses and stated that plaintiff was unable to work. The ALJ was not bound by Dr. Septer's statement that plaintiff was unable to work. *See* 20 C.F.R. § 404.1527(e)(1) ("[a] statement by a medical source that you are 'disabled' or 'unable to work' does not mean that [the Commissioner] will determine that you are disabled' . Such statements, by even a treating physician, constitute a legal conclusion that is not binding on the Commissioner. *Crisp v. Secretary of Health and Human Servs.*, 790 F.2d. 450, 452 (6th Cir. 1986). The determination of disability is the prerogative of the Commissioner, not the treating physician. *See Houston v. Secretary of Health and Human Servs.*, 736 F.2d 365, 367 (6th Cir. 1984).

      **b.**    **Dr. Septer's records**

A related issue is plaintiff's claim that while she treated with Dr. Septer in 2017, "[o]nly after the hearing, however, did Dr. Septer finally surrender his records so that they could

be filed." Plaintiff's Brief (ECF No. 12, PageID.1147). Plaintiff provides no facts related to this situation, other than to repeat her claim "[a]s noted above Plaintiff literally was deprived of the relevant records of Dr. Septer due to his refusal to comply with applicable Michigan law." PageID.1149.

As part of her relief, plaintiff asks that the Court grant her a remand pursuant to sentence six of 42 U.S.C. § 405(g). When a plaintiff submits evidence that has not been presented to the ALJ, the Court may consider the evidence only for the limited purpose of deciding whether to issue a sentence-six remand under 42 U.S.C. § 405(g). *See Sizemore v. Secretary of Health and Human Services*, 865 F.2d 709, 711 (6th Cir. 1988). Under sentence-six, "[t]he court . . . may at any time order the additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding . . ." 42 U.S.C. § 405(g).

Presumably, plaintiff wants a sentence six remand to seek review of Dr. Septer's records that she did not submit to the ALJ. PageID.1153. However, plaintiff did not address this in her brief and made no attempt to develop this claim. In her reply brief, plaintiff's counsel addressed this issue in a sarcastic tone, stating that Dr. Septer engaged in extortion by illegally charging plaintiff $100.00 for her records, and that an ALJ's subpoena "is about as effective as an attack poodle with dentures because ALJs have no methods to enforce those subpoenas." PageID.1196. Plaintiff cites no authority for either proposition. A Court need not make the lawyer's case by scouring the party's various submissions to piece together appropriate arguments. *Little v. Cox's Supermarkets*, 71 F.3d 637, 641 (7th Cir. 1995). "[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed

7

waived. It is not sufficient for a party to mention a possible argument in a most skeletal way, leaving the court to . . . put flesh on its bones." *McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997). Accordingly, the Court deems this argument waived.

### 2. Dr. Brubaker

Plaintiff contends that Dr. Brubaker was a treating psychiatrist and that "although he never specifically listed her limits, his records do, however, demonstrate his patient's ongoing mental limitations." Page ID.1142. The ALJ set out plaintiff's treatment history with Dr. Brubaker, stating in pertinent part:

> Throughout 2016, the claimant treated with Dr. Brubaker, a psychiatrist. The claimant was noted to be stable on medication and worse when she was noncompliant with treatment. The claimant's anxiety was consistently characterized as slight and she exhibited good grooming and hygiene. Dr. Brubaker noted that the claimant's sleep was good with medication and that the claimant was improving with treatment. The claimant was diagnosed with major depressive disorder, recurrent, without psychosis (Exhibit l7F/ 1 7, 18, 19, 20, 23, 24, 25, 26, 30, 31, 32, 33, 34, 35, 36, 37, 38). . . .
>
> On June 17, 2016, Dr. Brubaker noted that the claimant was sleeping 8 hours at night with Neurontin, without leg pain. Dr. Brubaker also noted that the claimant had been working since May 18, 2016, 2-3 days a week, for 8 hours a day, putting granola bars into a box, with two 20-minute breaks every day. Dr. Brubaker noted that the claimant stated this was easy work and that she was able to get along with others (Exhibit 17F/30).
>
> On August 10, 2016, Dr. Brubaker noted that the claimant was sleeping 6-7 hours a night, was less anxious, was less depressed, and continued to work (Exhibit 17F/31, 32).
>
> On September 28, 2016, Dr. Brubaker noted that the claimant was continuing to work and that her anxiety was only slight (Exhibit l 7F/33, 34).
>
> On December 21, 2016, Dr. Brubaker noted that the claimant was sleeping 6-8 hours a day, was going to church with her grandmother, was meeting people, and that her anxiety was only slight (Exhibit 17F/38).
>
> Therefore, Dr. Brubaker consistently noted that the claimant was sleeping well with Neurontin, had no more than slight anxiety, and was able to work for 2-3 days a week, 8 hours a day, performing simple, routine, repetitive tasks.

> Additionally, Dr. Brubaker noted that the claimant was able to get along with her coworkers, was starting to go to church, and was meeting people without difficulty, such that the claimant was improving with treatment.

PageID.258-259.

Dr. Brubaker's treatment notes support the ALJ's residual functional capacity (RFC) determination that plaintiff was capable of performing "simple, routine, repetitive tasks", "capable of incidental contact with the general public," and required "only occasional supervision." PageID.255. Accordingly, plaintiff's claim with respect to Dr. Brubaker is denied.

### C. The ALJ did not have substantial evidence to support his RFC for plaintiff in this case.

RFC is a medical assessment of what an individual can do in a work setting in spite of functional limitations and environmental restrictions imposed by all of her medically determinable impairments. 20 C.F.R. § 404.1545. It is defined as "the maximum degree to which the individual retains the capacity for sustained performance of the physical-mental requirements of jobs." 20 C.F.R. Part 404, Subpt. P, App. 2, § 200.00(c).

Plaintiff does not set forth an organized claim regarding the ALJ's RFC determination. Her brief consists of a single paragraph of comments, a rhetorical question, and objections to the ALJ's restrictions on overhead reaching, hand usage, mental capacity, and "the ALJ's emphasis of Plaintiff's opioid addiction." PageID.1151-1152. The only references to the RFC determination involved an objection to the right upper extremity limitation ("even though Plaintiff had (as demonstrated above) ongoing problems with the use of her right arm after her shoulder surgeries, the ALJ limited her only against overhead reaching") and the lack of limitations on her hands ("since SSR 83-10 notes that both light and sedentary work require significant hand usage (even more so at the sedentary level), then the ALJ had no justification for not limiting Plaintiff both more in the areas of hand usage and with regard to her mental capacity").

PageID.1152. Plaintiff has done nothing more than express disagreement with the ALJ's decision. "[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived." *McPherson*, 125 F.3d at 995-96. Accordingly, the Court deems this argument waived.

### D. The ALJ in this case was improperly appointed which is a sufficient reason to remand this case.

Plaintiff contends that this case should be remanded because "the ALJ in this case was improperly appointed" for the reasons discussed in *Lucia v. Securities and Exchange Commission*, -- U.S. --, 138 S. Ct. 2044 (2018). Plaintiff's Brief (ECF No. 15, PageID.575). This Court has rejected similar claims when the plaintiff failed to contest the validity of the ALJ's appointment during the administrative proceedings. *See, e.g., Sturdee v. Commissioner of Social Security*, 1:18-cv-770, 2019 WL 4743836 at *3 (W.D. Mich. Sept. 30, 2019); *Van Andel v. Commissioner of Social Security*, No. 1:17-cv-1021, 2019 WL 1375339 at *3 (W.D. Mich. March 27, 2019). Accordingly, plaintiff's claim of error is denied.

### IV. CONCLUSION

Accordingly, the Commissioner's decision will be **AFFIRMED**. A judgment consistent with this opinion will be issued forthwith.

Dated: March 20, 2020 /s/ Ray Kent
United States Magistrate Judge.